Iris Mildred Street, Appellant, v. Board of Education of School District No. 113, Cook County, Illinois, Appellee.

Gen. No. 39,789.

Opinion filed January 10, 1938.

JOHN C. COWING and PALMER DiGIULIO, both of Joliet, for appellant.

THOMAS J. COURTNEY, State's Attorney for *amicus curiae*; JACOB SHAMBERG, WILLIAM J. TUOHY and WILLIAM P. KEARNEY, Assistant State's Attorneys, of counsel.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought an action against defendant to recover damages claimed to have been sustained on account of her wrongful discharge as a teacher in a public school by defendant Board of Education. Defendant filed a written motion to strike the complaint on the ground that it did not state a cause of action; the motion was allowed, the complaint stricken, the suit dismissed and plaintiff appeals.

In the complaint it was alleged that plaintiff was a teacher by profession and held a Limited, Elementary State School Certificate authorizing her to teach in the 10 lower grades of the public schools of Illinois; that the certificate was issued to her after she had been examined by the State Examining Board and also by the County Superintendent of Schools of DuPage county; that the certificate was for a period of four years—from November 13, 1936, to November 13, 1940; that after the issuance of the certificate on the first of December, 1936, the defendant, Board of Education of School District 113, Cook county, examined plaintiff and found her qualified to teach in the schools of District No. 113 of Cook county; that she was employed as such teacher by defendant, Board of Education, to teach from the first of December, 1936, to May 28, 1937, and performed her duties as such until January 5, 1937, when she was discharged by defendant.

Plaintiff contends that the certificate issued to her to teach in DuPage county schools authorized her to teach in every school district, including those located in Cook county, and in support of this her counsel cite sections 1 and 2, pars. 481 and 482, Smith-Hurd, R. S. 1935 (Ill. State Bar Stats. 1935, ch. 122, ¶¶ 291 and 292; Jones Ill. Stats. Ann. 123.241 and 123.242), and counsel further say that plaintiff was not required to hold a certificate issued by the Superintendent of Schools of Cook county, citing pars. 15 and 16, sec. 15, ch. 122, and par. 12, sec. 114 of the same chapter (Ill. State Bar Stats. 1935, ch. 122, ¶¶ 15, 16, 122; Jones Ill. Stats. Ann. 123.016, 123.017, 123.129).

In 1929 the legislature passed an act in relation to certification of teachers, consisting of 21 sections, which repealed the Act of 1913 on the same subject. The first and second sections of that act are found in paragraphs 481 and 482, above referred to. By the first section it is provided that no one shall be authorized to teach in the common schools of the State or receive any part of the public school fund for teaching who does not at the time she enters upon her duties as a teacher hold a certificate of qualification covering the period of her employment, "granted by the Superintendent of Public Instruction, by the State Examining Board, and a county superintendent as hereinafter provided, or, by the board of education of a city having a population exceeding 200,000 inhabitants: Provided, however, that the provisions of this Act relating to limited State certificates shall not apply to counties having a population exceeding 500,000 inhabitants."

Section 2 provides: "All certificates issued under this act shall be State certificates valid in every school district coming under its provisions and shall be of two grades: (a) Those unlimited in time, . . . (b) Those limited in time, issued by the State Examining Board and a county superintendent and designated as . . .

limited elementary school certificate." It is obvious that the Act of 1929 does not apply to limited elementary school certificates issued in Cook county, for the reason that section 1 expressly provides, "this Act relating to limited State certificates shall not apply to counties having a population exceeding 500,000 inhabitants." This seems to be conceded by counsel for plaintiff, for in considering the intention of the legislature expressed in the proviso of section 1 they say: "We contend that it was the intention of the legislature in so far as certificates issued in Cook county are concerned, that the provisions, or in other words, the requirements, of the act relating to limited certificates shall not apply. This does not imply, however, that limited certificates issued in DuPage county shall not be valid in Cook county. On the contrary, under the provisions of section 2, all certificates, unlimited and limited, are expressly made valid in all school districts coming under the provisions of the Certification Act.

"It follows then that as the certificate referred to in plaintiff's complaint is a state certificate, valid in every school district coming under the Certification Act and the defendant school district is a district coming under the provisions of the act, that the certificate alleged to be held by plaintiff is a valid certificate in the defendant school district." We are unable to agree with this contention. The legislature, in the Certification Act of 1929 expressly points out the method of obtaining a limited elementary school certificate, the holder of which is authorized to teach in the lower 10 grades of the common school of the State, but the act expressly states that it does not apply to the issuance of limited State certificates in counties having a population of more than 500,000—Cook county. And by section 2 it was provided that all certificates issued under the act should be "valid in every school district coming under its provisions." Since plaintiff was not authorized to

receive a limited elementary certificate from the officials of Cook county we hold it cannot be said that she could reach this result indirectly by obtaining one in DuPage county. Moreover, the Certification Act of 1929 expressly creates an examining board for conducting examinations for limited certificates.

Section 8 of that act provides that, for the purpose of carrying out its provisions with regard to limited certificates, there is created an Examining Board to consist "of the Superintendent of Public Instruction, who shall be ex-officio chairman, a city superintendent, a high school principal, an elementary teacher, each to serve three years, one to be appointed annually by the Superintendent of Public Instruction." Then follow other provisions as to the method of the appointment and filling of vacancies, and, continuing, "Examinations for limited certificates shall be held at the various county seats on the same day at least three times a year and under such rules as may be prescribed by the Examining Board. Questions for each examination shall be uniform throughout the State, and shall be prepared by said board and forwarded to the county superintendent under seal. . . . The county superintendent shall conduct the examination in his county and at the close of same shall forward all papers to the Examining Board. The grades shall be returned with a limited certificate for each successful applicant to the county superintendent who shall sign and issue the same."

Section 9 provides that the holder of any limited certificate must register the same each year with the county superintendent in whose county the holder is to teach. And by section 18 it is provided that the applicant for a limited certificate may write the examination in any county and apply for a certificate in another county.

In support of plaintiff's contention that it was not necessary for her to hold a certificate issued by the County Superintendent of Schools of Cook County to

authorize defendant Board of Education to employ her to teach a school in Cook county, counsel refer to sections of the General School Act. The 15th and 16th paragraphs of section 15 of the General School Act of 1909, Smith-Hurd R. S. 1935; Ill. State Bar Stats. 1935, ch. 122, ¶ 15; Jones Ill. Stats. Ann. 123.016, provide: "Fifteenth—To hold meetings, at least quarterly, for the examination of teachers. Sixteenth—To grant certificates of qualification to teach to such persons as may be qualified to receive them, and to keep a record of all teachers to whom certificates have been granted, and of all teachers employed in his county." The 12th paragraph of sec. 114, of the Act of 1909, provides that the Board of School Directors shall "pay no public money to any teacher unless such teacher at the time of his or her employment shall have held a certificate of qualification."

By paragraph 15 of section 15, above quoted, it is made the duty of the county superintendent of schools to hold meetings quarterly for the examination of teachers, and by paragraph 16 to grant certificates to those qualified to teach in his county. But obviously this method of holding examinations and granting certificates was changed by the Act of 1929, where a board was specially created to hold and conduct such examinations, and it was expressly stated that that act did not apply to limited elementary certificates in any county of more than 500,000 inhabitants.

From what we have said, we are of opinion that plaintiff was not authorized to teach in the elementary schools of Cook county outside the City of Chicago, because she held no certificate from the county superintendent of schools of Cook county. (See opinions of the Attorney General, 1914, page 275.)

The judgment of the county court of Cook county is affirmed.

*Judgment affirmed.*

McSurely and Matchett, JJ., concur.